IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLTON LEWIS SAMPSON | : | CIVIL |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO. 08-4341 |

## MEMORANDUM

**Padova, J.**                                                    **December 16, 2008**

Plaintiff, Carlton Lewis Sampson, an employee at the Free Library of Philadelphia, filed this action under 42 U.S.C. §§ 1983 and 1985, Title VII, 42 U.S.C. § 2000e, and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 955(a), alleging that he suffered race discrimination in his employment.  Defendants named in the suit are the City of Philadelphia and  two supervisors at the Library, Nancy Laskowski and James Pecora.  Presently pending is a motion by the City and Laskowski to dismiss Count III (the § 1983 claim)[1] and Count IV (the § 1985 claim) on the ground that they are time barred.  The City also seeks dismissal on the ground that Sampson has failed to properly allege municipal liability under the Civil Rights Act.  For the following reasons, we grant the Motion in part.

I.      LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff.

---

[1]Defendants also move to dismiss Count III against Laskowski, arguing that the claim is brought against her in her official capacity.  Count III does not specifically recite whether it is brought against Laskowski in her official capacity, but, we note, in response to the Motion, Sampson asserts that he intends Count III to be against Laskowski in her individual capacity only. Accordingly, we deny the Motion in this regard.

Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings

Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  A plaintiff's pleading obligation is to set forth "a short

and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice

of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  While

the Complaint's factual allegation need not be detailed, the grounds upon which the claim rests must

be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." Id. at 1964-65 (citation omitted).  In the end, we will grant the 12(b)(6) motion if the

factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative

level." Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, ¶ 235-36

(3d ed. 2004)).

II.     SAMPSON'S ALLEGATIONS

        Sampson contends that he is an African-American male, Compl. ¶ 3, who was subjected to

a hostile workplace by his supervisors.[2]  He began employment at the Library in May 1988. Id. ¶ 15.

In October 2004, he was promoted to the position of Network Administrator E106. Id. ¶ 16.  In that

position, he supervised other employees and had a private office. Id.  He alleges that in August

2005, he had a meeting with Pecora about his statement that Laskowski had "issues," but that Pecora

dismissed his statements. Id. ¶ 18.  He claims that Pecora removed his "supervisory rights" because

---

[2]Pecora is alleged to be a white male, employed by the Free Library Foundation as Director
of Information Technology.  Compl. ¶ 6.  Because he was not employed by the City, he is not
represented by the City Solicitor.  See Mem. in Support of Mot. to Dismiss at 3.  Sampson makes
no allegation as to Laskowski's race, but identifies her as being female and employed as the Free
Library Information Systems Manager.  Compl. ¶ 5.  Laskowski was Sampson's direct supervisor,
and Pecora was her supervisor.  Id. ¶¶ 5-6.

Sampson had been subjected to "secret tests" that he failed.  Id. ¶ 19.  From August 2005 on, Laskowski began subjecting him to unwarranted criticism and derogation, directed that he be moved out of his private office, and opposed a positive evaluation that Sampson had given to one of the employees whom he supervised.  Id. ¶¶ 20-24.  He avers that this conduct occurred because he is African-American.  Id. ¶ 24.

Sampson claims that Laskowski and Pecora conspired to subject him to a hostile workplace to force him to resign.  Id. ¶ 26.  During a meeting in October 2005, Laskowski ordered him to only answer "yes" to any question, whether or not that answer was appropriate, and insulted and mocked him when he refused to do so.  Id. ¶¶ 27-30.  In a performance review for 2005, Laskowski made disparaging and unwarranted evaluations of Sampson's performance.  Id. ¶ 32.  Laskowski and Pecora placed him on probation in March 2006, stripped him of his supervisory authority, and threatened him with demotion.  Id. ¶¶ 33-34.  In April 2006, he was given an unsatisfactory performance review.  Id. ¶ 36.  In May 2006, Laskowski interrupted a meeting and began to berate Sampson, saying that his work performance on the project that was the subject of the meeting was unsatisfactory.  Id. ¶ 39.  In May and June 2006, Sampson again received negative performance evaluations.  Id. ¶ 41.  On June 12, 2006, Laskowski rejected without justification a work request Sampson had submitted.  Id. ¶ 43.  On June 20, 2006, Sampson voluntarily stepped down from his supervisory position, rather than be forcibly demoted.  Id. ¶ 44.  In November 2006, Laskowski subjected him to demeaning, unwarranted, and unfounded criticism in a performance review meeting.  Id. ¶ 47.

III.    STATUTE OF LIMITATIONS

Claims that assert violations of 42 U.S.C. §§ 1983 and 1985 are governed by the statute of

limitations for personal injury claims of the state where the constitutional violation occurred. <u>Wilson v. Garcia</u>, 471 U.S. 261, 266 (1985); <u>O'Connor v. City of Newark</u>, 440 F.3d 125, 126 (3d Cir. 2006) (§ 1983 claim); <u>Bougher v. Univ. of Pittsburgh</u>, 882 F.2d 74, 80 (3d Cir. 1989) (§ 1985 claim). Pennsylvania law provides for a two-year statute of limitations for personal injury claims, accruing from the date that the injury occurred. <u>See</u> 42 Pa. Cons. Stat. Ann. § 5524. Although most of the incidents related in the Complaint occurred more than two years before it was filed, Sampson argues that his suit is timely because the Defendants' actions constitute a continuing violation of the Civil Rights Acts.

Under the continuing violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." <u>Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.</u>, 927 F.2d 1283, 1295 (3d Cir. 1991). The Supreme Court has declared, however, that the continuing violation doctrine has no applicability to "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" because "[e]ach incident of discrimination and each retaliatory adverse employment action constitutes a separate actionable 'unlawful employment practice.'" <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 114 (2002); <u>see also</u> <u>O'Connor</u>, 440 F.3d at 128 n.4 (holding that "<u>Morgan</u> established a bright line distinction between discrete acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a hostile work environment claim.").

Under <u>Morgan</u>, individually actionable claims must be brought within the statute of limitations period or they will not support a lawsuit "even when they are related to acts alleged in

timely filed charges." Morgan 536 U.S. at 113. This is because "[e]ach discriminatory act starts a new clock for filing charges alleging that act." Id. Hostile actions that are not individually actionable "can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period." O'Connor, 440 F.3d at 127 (quoting Morgan at 105 ("[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for purposes of assessing liability, so long as any act contributing to that hostile environment takes place within the statutory time period.")). O'Connor recognized the following "non-exhaustive list of discrete acts for which the limitations period runs from the act: termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, wrongful accusation." Id.

Sampson filed his Complaint on September 10, 2008. He asserts that he was placed on probation with his supervisory duties curtailed in March 2006, and was constructively demoted on June 20, 2006. Probation constitutes a "wrongful discipline," one of the discrete acts that clearly starts the statute of limitations running. Although not among the discrete acts listed by the Court in O'Connor, constructive demotion has been recognized as individually actionable under Title VII and § 1983 by other courts. See, e.g., Simpson v. Borg-Warner Automotive, Inc., 196 F.3d 873, 876 (7th Cir. 1999) (finding that constructive demotion analysis should have the same structure as that for constructive discharge); Colson v. Grohman, 174 F.3d 498, 514 (5th Cir. 1999) (holding that constructive demotion that results from "campaign of retaliatory harassment" is adverse employment action under Title VII); Sharp v. City of Houston, 164 F.3d 923, 934 (5th Cir. 1999) (same); see also Kauffman v. Kent State Univ., No. 93-3302, 1994 WL 112874, at *3 (6th Cir. Apr. 1, 1994); cf. Diaz-Gandia v. Dapena-Thompson, 90 F.3d 609, 614 (1st Cir. 1996) (recognizing "constructive

demotion" cause of action in a veteran's rights discrimination case).

Because placing Sampson on probation in March 2006 was a discrete discriminatory act, it started the clock for filing the charges alleging that act. Each performance evaluation in April, May, and June 2006, was also a discrete act of wrongful accusation. Finally, Sampson's constructive demotion on June 20, 2006, was yet another discrete discriminatory act. Any one of these started the statute of limitations clock running. Because that two year clock expired before Sampson filed his Complaint on September 10, 2008, his claims based on this conduct are time barred.

The only act alleged to have occurred within the two year statute of limitations period was the November 2006 incident where Laskowski allegedly subjected him to demeaning, unwarranted, and unfounded criticism in a performance review meeting. To state a hostile workplace claim based on this assertion, Sampson would have to show that this single act constituted a separate claim without relying on the time-barred allegations. While the United States Court of Appeals for the Third Circuit has not addressed the issue, the United States Court of Appeals for the Second Circuit has held that single acts can create a hostile workplace where the event "'work[s] a transformation of the plaintiff's workplace.'" Feingold v. New York, 366 F.3d 138, 150 (2d Cir. 2004) (quoting Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002)). "The prototypical 'single incident' that creates a hostile work environment usually involves a clear, expressed, overt, and truly egregious act of discrimination." Lewis v. Connecticut Dep't of Corr., 355 F. Supp. 2d 607, 622 (D. Conn. 2005). See also Ferris v. Delta Air Lines, Inc., 277 F.3d 128, 136 (2d Cir. 2001) (finding a "single incident of rape" can result in a hostile work environment); Howley v. Town of Stratford, 217 F.3d 141, 153 (2d Cir. 2000) (requiring that single event must be "extraordinarily severe;" and finding that loud, obscene verbal assault made publicly to group of female firefighter's male subordinates was

sufficient).  Under this line of cases, the incident must constitute an "intolerable alteration" of the plaintiff's working conditions, so as to substantially interfere with or impair his ability to do his job. Mormol v. Costco Wholesale Corp., 364 F.3d 54, 59 (2d Cir. 2004).

Whether the demeaning, unwarranted and unfounded criticism Sampson alleges he suffered in his performance review meeting with Laskowski qualifies as a "sufficiently transformative" event has not been briefed by either party.  Accordingly, at this stage of the litigation, we will permit Sampson's claim to proceed based on this single incident allegation.

IV.    MONELL CLAIM AGAINST THE CITY

In the alternative, the City moves to dismiss Count III, Sampson's claim against the City under § 1983, because it asserts only respondeat superior liability and does not meet the Twombly test for alleging a municipal policy, custom, or practice.

In Monell v. Dept. of Soc. Services, 436 U.S. 658, 691 (1978), the Supreme Court established that municipal liability under § 1983 may not be proven under the respondeat superior doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights. 436 U.S. at 691-95.  Thus, municipal liability attaches only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  Id. at 694.  "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict."  Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)).  Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.

Andrews, 895 F.2d at 1480; see also Fletcher v. O'Donnell, 867 F.2d 791, 793-94 (3d Cir. 1989) ("Custom may be established by proof of knowledge and acquiescence.").

In Count III, Sampson asserts that the "acts and failures to act of Defendants Laskowski and Pecora, individually and/or jointly, were the direct acts and failures to act of Defendant City of Philadelphia and reflected and implemented official City of Philadelphia policy, custom and practice." Compl. ¶ 60. As pled, this allegation is insufficient under the Twombly standard. While the Complaint's factual allegation need not be detailed, the grounds upon which the claim rests must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. The "policy, custom and practice" allegation in ¶ 60 of the Complaint are nothing more than labels. Sampson does not identify an official policy, custom or practice that caused his injury. Accordingly, we grant the City's motion, but will permit Sampson the opportunity to file an amended complaint to flesh out his policy, custom and practice allegation.

V.    CONCLUSION

We grant the Motion to Dismiss insofar as the Complaint contains allegations against the City and Laskowski that are time barred. We also dismiss Count III against the City without prejudice. We will permit Sampson the opportunity to file an amended complaint to properly allege municipal liability.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLTON LEWIS SAMPSON | : | CIVIL |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO. 08-4341 |

**ORDER**

**AND NOW**, this 15th day of December, 2008, in consideration of the Motion of Defendants City of Philadelphia and Nancy Laskowski to Dismiss the Complaint of Plaintiff Carlton Lewis Sampson (Docket Entry 6) and Plaintiff's Response thereto, **IT IS HEREBY ORDERED** as follows:

1.  The Motion is **GRANTED IN PART AND DENIED IN PART**.

2.  The Motion is **GRANTED** as to Count III's claim against Defendant City of Philadelphia, and to the extent that the Complaint contains allegations of conduct that predate September 10, 2006.

3.  The Motion is **DENIED** in all other respects.

4.  Count III is **DISMISSED WITHOUT PREJUDICE** as to Defendant City of Philadelphia.

5.  Plaintiff is **GRANTED** leave to file an amended complaint within twenty (20) days.

BY THE COURT:

s/John R. Padova

_____
John R. Padova, J.